## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERVEY LOPEZ-CASTILLO,**

      **Petitioner,**

**v.**                                  **Civil Action No. 1:18cv106**
                                                 **(Judge Kleeh)**

**JENNIFER SAAD,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On May 4, 2018, the *pro se* Petitioner, Ervey Lopez-Castillo, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed as a pauper. ECF Nos. 1, 2. The Clerk of Court issued a deficiency notice, directing Petitioner to file a copy of his Prisoner Trust Fund Account Report ("PTAR") with its Ledger Sheets. ECF 4.

Pursuant to the deficiency notice, on May 14, 2018, Petitioner filed a copy of his PTAR and Ledger Sheets. ECF No. 6. By Order entered May 15, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the $5.00 filing fee. ECF No. 8.  On June 6, 2018, Petitioner paid the requisite fee. ECF No. 10.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 11.

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on December 28, 2018. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited July 22, 2019).  Despite having been released over seven months ago, Petitioner has not updated the Court with his new address.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On June 14, 2017, in the United States District Court for the Eastern District of Kentucky, Petitioner pled guilty to one count of Illegal Alien Found in United States After Deportation or Removal, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). ECF No. 19. On October 11, 2017, the district court sentenced Petitioner to a 24-month term of imprisonment, and a three-year term of supervised release. ECF No. 27. Petitioner did not file a direct appeal or a motion to vacate under 28 U.S.C. § 2255.

### A. The Petition

In his petition, Lopez-Castillo contends that as an alien previously deported from the United States after being convicted of an aggravated felony offense, including a "crime of violence," as defined by the residual clause of subparagraph 18 U.S.C. § 16(b), his sentence has been deemed "void for vagueness" by the holding of Sessions v. Dimaya[3] and is a violation of his Fifth Amendment due process rights. ECF No. 1 at 5 – 7.

As relief, he seeks to have his sentence regarding deportation vacated, and to have his case transferred to any other court. Id. at 10.

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Kentucky, No. 3:17cv3, available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

[3] Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

2

Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention, because <u>Dimaya</u> was not available until after the time for filing of his direct appeal or § 2255 motion. <u>Id.</u> at 11.

### III. <u>Analysis</u>

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  <u>See</u> <u>Powell v. McCormick</u>, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. <u>Blanciak v. Allegheny Ludlum Co.</u>, 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." <u>Leonard v. Hickey</u>, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting <u>Braden v. 30th Judicial Cir. Ct. of Ky</u>, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. <u>Id.</u>

In the instant case, Petitioner seeks to have his sentence vacated. However, on December 28, 2018, Petitioner completed serving his sentence and was released from BOP custody.  Because Petitioner's release from the BOP has mooted his claims, there is no further relief which this Court can grant, and this case should be dismissed.

### IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: July 23, 2019

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE